[Civ. No. 393.   Third Appellate District.—March 27, 1908.]

A. C. ROUSSIN, Appellant, v. O. D. KIRKPATRICK, J. A. WATKINS and RACHEL HUSSEY, Trustees of Redwood School District, Respondents.

ACTION FOR SERVICES OF SCHOOL TEACHER—TERM OF EMPLOYMENT—SUPPORT OF FINDINGS—CONFLICTING EVIDENCE.—In an action by a school teacher to recover for services under an alleged contract of employment for the fall and spring terms of a district school, in which the findings upon issues joined were for the defendants, that the contract of employment was only for the fall term at an agreed rate, and that he was fully paid for his services rendered, and were supported by evidence tending to prove them, the findings cannot be disturbed upon appeal, notwithstanding conflicting evidence for the plaintiff to the contrary.

ID.—OMISSION TO FIND—FACTS ADMITTED BY THE PLEADINGS.—The court was not required to find upon facts admitted by the pleadings.

ID.—EVIDENCE—DECLARATIONS OF PLAINTIFF CONTRARY TO HIS TESTIMONY.—Evidence was admissible to show that plaintiff had made

declarations to witnesses tending to dispute the testimony of plaintiff as to the term for which he had been employed.

APPEAL UNDER NEW SECTIONS—WRITTEN RECORD—PRINTING REQUIRED IN BRIEFS.—Where an appeal is taken under the new sections 941a, 941b and 941c of the Code of Civil Procedure (Stats. 1907, p. 750), upon a written record made as prescribed in the same code, in the new sections 953a, 953b and 953c (Stats. 1907, p. 753), the briefs of counsel are required to print so much of the written authenticated transcript upon appeal as they desire to call to the attention of the appellate court; and it is not contemplated that they should merely refer in their briefs to the pages of the written transcript, and throw upon this court the labor of examining the same.

APPEAL from a judgment of the Superior Court of Del Norte County, and from an order denying a new trial.   John L. Childs, Judge.

The facts are stated in the opinion of the court.

Frank W. Taft, for Appellant.

G. W. Howe, for Respondents.

CHIPMAN, P. J.—Action for services alleged to have been performed by plaintiff for defendants as a school teacher. The cause was tried by the court without a jury and defendants had judgment, from which and from the order denying his motion for a new trial plaintiff appeals.

The record purports to have been made up under new sections 953a, 953b and 953c of the Code of Civil Procedure. (Stats. 1907, p. 750.)   The appeal is taken under new sections 941a, 941b and 941c.   (Stats. 1907, p. 753.)   Some interesting questions of practice arising under these sections are presented by respondents in their objections to the review of alleged errors, which we prefer not at this time to take up.   We invite attention, however, to the closing paragraph of section 953c, which reads: "In filing briefs on said appeal the parties must, however, print in their briefs, or in a supplement appended thereto, such portions of the record as they desire to call to the attention of the court." Whatever motive of utility or economy suggested these new sections to the codes, it is quite clear to our minds that the

legislature did not intend to require the reviewing court to grope through an unprinted transcription of the phonographic report of the trial to find the testimony and documents relied upon by the parties, or that it would be sufficient compliance with the statute for the parties to indicate in their briefs the portions of the record relied on by simply citing the page of this transcription where such portions may be found. If the legislature had intended to substitute such a record for the printed record, hitherto required, no such provision as we have quoted would have been placed in the section. Appellant has in a measure complied with the statute, but respondents not at all, and we might with propriety refuse to examine the transcript in aid of respondents. As the record is not of much length, and the issues are by no means complicated, we have in this instance undertaken to follow the directions of the briefs to find the evidence relied upon.

The court made the following findings: 1. That in the month of July, 1906, defendants employed plaintiff to teach the grammar school in Redwood district for the period of four months of the school year ending December 21, 1906, at the agreed price of $60 per month; 2. That plaintiff received $240 ''as payment for said teaching for said four months of school in said district''; 3. That plaintiff has not been damaged in any sum. As conclusion of law the court found that defendants are entitled to judgment.

Plaintiff claimed in his complaint that he was employed to teach ''for the period of nine months the school year ending June 30th, 1907,'' and his contention now is that the evidence ''discloses a contract . . . whereby plaintiff was employed to teach Redwood School for a period of eight months.'' He further contends that the court failed to find upon all the material issues. The principal question is whether plaintiff was employed for a period of four months or of eight months.

Plaintiff testified that in July, 1906, defendant, trustee Kirkpatrick, called upon him and stated that he was directed by the trustees to find some one to teach their school and thought he would come and talk with plaintiff about it. Plaintiff was at the time temporarily disabled physically. He testified: ''Well, he said, 'Supposing you agree to teach our school and if you can't take—open the school early

enough you can get some in your place to start it.' . . . I asked him how long a term of school there would be in that district. He said, 'Eight and one-half months last year and we had a little money left over and we thought that we would put it nine months this year.' 'Well,' I said, 'under these conditions I will undertake it, although I am pretty sure I will have to get a substitute for a while, but for a short time I will not accept it, for I might not be able to teach until after Christmas-time, so if we can put in four months this fall and finish up in the spring, all right.' Then he said, 'Very well, if that suits you it will suit me, or us, rather; try to get along as fast as you can do so and in the meantime I will be down again or send some one to see you.' ''

It appeared that plaintiff hired a substitute to open the school, and she taught for two months in his place and following her plaintiff taught for two months, closing what was understood to be the fall term of the school on December 21, 1906, and was fully paid for this time. He testified that he was to take up the spring term in the February following. On February 9th, plaintiff called upon trustee Watkins, "ready to open school on the 11th," and was informed that another teacher had been employed for the spring term. There was evidence that Kirkpatrick was not directed to employ a teacher for any definite time; that no records of the proceedings of the trustees were kept showing the employment of plaintiff; that the trustees other than Kirkpatrick understood plaintiff's employment to have been for the fall term; that plaintiff had made statements to the effect that he was hired to teach the fall term—to teach the school for four months, and that he had stated that he would not teach the spring term unless his wages were increased and the trustees and children of the school desired it. A witness testified: "He told me that he was only hired for four months and that he should not teach unless the children and trustees wanted him." During the vacation plaintiff had taken a private class and early in February returned to learn as to the spring term of the school. There had meantime been a change in the personnel of the board of trustees, one having died and his successor having been appointed. Another witness met plaintiff just before the spring term of the school opened. She was asked what plaintiff said to her at that

time and answered: "I asked Mr. Roussin if he was going to take the school for the spring term for four months and I thought he said he was not sure he would take it or not. They offered him a raise of wages to take the school but he didn't know whether he would or not; he said he hated to refuse to take it because Mr. Watkins and Mr. Kirkpatrick had been so good to him." There was some evidence tending to show that the teachers had previously been hired for the term and that there were two terms, fall and spring terms. The evidence showed that there was a difference of understanding among the trustees as to the time for which plaintiff was engaged—Kirkpatrick holding that it was for the school year and the others that it was for a single term as they understood the meaning of a term. There was evidence from which the court could have inferred that the engagement was for the fall term and that plaintiff so understood it, though he testified that the fact was otherwise, and hence the finding of the court cannot be disturbed.

Appellant complains that the court failed to find upon the issues stated in paragraphs 1, 2, 4 and 5 of the verified complaint. The allegations set forth in paragraphs 1, 4 and 5 were admitted by insufficient denials and no finding was necessary thereon. Paragraph 2 alleged employment for the period of nine months. This was denied by the answer which alleged as the fact that plaintiff was employed to teach for the period of four months and no longer. The court not only found that plaintiff was employed to teach for the period only of four months ending December 21, 1906, but it found that the only contract entered into between plaintiff and defendants "has been paid in full—for teaching the Redwood School for the term of four months ending December 21, 1906." This was sufficient.

Appellant claims error "in overruling the objections of plaintiff to the introduction of the testimony of the witness Margaret Watkins as shown on page 30 of the transcript." The objection is not directed to any particular portion of the testimony, some of which was undoubtedly admissible and was not objected to. The testimony objected to related to certain declarations made by plaintiff in the presence of witness which tended to dispute plaintiff's testimony as to the period for which he had been employed, and was admissible

for that purpose. The same may be said of the testimony of the witness Alice Hussey.

The judgment and order are affirmed.

Hart, J., and Burnett, J., concurred.