[S. F. No. 1290.    Department Two.—March 17, 1900.]

H. C. CAMPBELL, Respondent, v. R. HENEY, Jr., Appellant.

SALE OF GRAPES—MATURITY OF PURCHASE MONEY—REASONABLE TIME —CONSTRUCTION OF CONTRACT.—A contract for the sale of grapes to be paid for when the purchaser shall have sold the wine made therefrom, or shall have sold other wine then on hand, is to be construed as allowing the purchaser a reasonable time in which to make, mature, and sell the wine from the grapes purchased, unless in the meantime he should in fact sell the other wine then on hand.

ID.—ACTION FOR PURCHASE MONEY—INSUFFICIENT COMPLAINT—LACHES OF DEFENDANT NOT SHOWN.—A complaint in an action upon such contract to recover the purchase money, which alleges "that within a reasonable time after the delivery of said grapes" the plaintiff demanded payment of the price, instead of alleging that the demand was made after the lapse of a reasonable time for the defendant to fulfill his contract, does not show any laches of defendant, and does not state a cause of action.

ID.—COMPARISON OF DATES—LAPSE OF REASONABLE TIME.—Where the court cannot, by the comparison of dates, see, as matter of law, that a reasonable time must have elapsed for the maturity and sale of the wine to be made from the grapes purchased, before the demand was made, the insufficiency of the complaint cannot be aided by such comparison.

ID.—BREACH OF CONTRACT TO DELIVER WINE IN PAYMENT—RECOUPMENT —CROSS-COMPLAINT—PROOF OF GUARANTY.—A cross-complaint setting up damages by way of recoupment for breach of a contract that plaintiff should take wine from the defendant at an agreed price, in payment for the grapes sold by plaintiff to defendant, is sustained by proof that plaintiff agreed to take enough wine to pay the debt, and find a purchaser at the agreed price. Such contract, whether construed as one of sale to plaintiff or of guaranty that the wine should be sold by plaintiff for enough to pay the debt, bound the plaintiff to accept the wine in full payment at the rate fixed, and the claim of damages in recoupment would be the same in either case.

APPEAL from a judgment of the Superior Court of Santa Clara County and from an order denying a new trial. M. H. Hyland, Judge.

The facts are stated in the opinion of the court.

John B. Kirwin, and Francis J. Heney, for Appellant.

E. H. Rixford, for Respondent.

TEMPLE, J.—This is an action to recover the purchase price of grapes sold to defendant. The appeal is from the judgment and from an order refusing a new trial.

Among the points made by appellant he contends that the complaint does not state a cause of action. The complaint contains a copy of the written contract of sale and also an averment of its tenor and effect. As to payment it states: "Payment to be made when defendant should have sold the wine made by him from said grapes, or he should have sold certain other wine which he then had on hand. That within a reasonable time after the delivery of said grapes to said defendant as aforesaid, to wit, on or about the ninth day of March, 1896, the plaintiff demanded of him payment of said sum of twelve hundred and thirty-seven dollars and sixty-five cents, but said defendant refused to pay said sum of money or any part thereof." ·

It is not stated that defendant has sold or could have sold any wine, nor is any fact averred except the date of the contract and the demand, from which it would be claimed that it was made to appear that a reasonable time had elapsed since the sale of the grapes for the manufacture and sale of the wine. For, I think, a fair construction of the contract is, that defendant should have time to make, mature, and sell the wine to be made from the grapes he purchased from plaintiff, unless in the meantime he did in fact sell the other wine then on hand.

If we can assume, in the absence of any allegation to that effect, that the phrase "reasonable time" in the complaint refers to what would be a reasonable time within which defendant could manufacture, fit for market, and sell the wine, still the allegation is that he made demand within that time—not that he made the demand after a reasonable time had elapsed. The

pleader negatives the imputation of laches by an averment that he made the demand promptly, when the contract was that he would wait patiently for a reasonable length of time. The finding upon this point is in the same form. We may conjecture that the pleader intended to aver something quite different from the idea he has expressed, but we cannot correct the pleading. It would not be done by the insertion or elimination of a word which we could suppose was inadvertently used or omitted. The allegation would have to be entirely recast and made into one altogether different.

It is suggested that the question of reasonable time is one of law and from the dates the court can see that a reasonable time had elapsed. But I do not think so. True, we can suppose a case where such a period of time had elapsed; that it would be matter of universal knowledge that every opportunity had been afforded to enable the debtor to sell, which could be by lapse of time. And so, where the act to be done is one which the debtor can do or have done at any time, the court would say that it must be done with all convenient dispatch. But this is neither of these cases. We may suppose it requires years to mature some varieties of wine, but how long for this particular wine will depend upon its character, or, at least, it may be so.

None of the cases cited discuss this particular question. In some the question was whether the money could ever become due if the debtor did not sell at all. It was held that the contract was for time in which to pay, and the intention was not that the money should not be paid if the event did not transpire. In other cases one question was whether the debt was payable only from a particular fund. In which case the plaintiff would be required to show that there was money in the fund, or that it was the fault of the debtor that there was not.

Although several other points are urged in favor of the appellant, but one more need be noticed. The defendant pleads as payment and also in a cross-complaint sets up and claims damages by way of recoupment on account of an alleged sale of a portion of his wine to plaintiff, which plaintiff agreed to take in payment, but subsequently, in violation of his contract, refused to accept. The alleged contract of sale, if it existed, was made by letter. The letter of plaintiff which is supposed to contain the offer is as follows:

"March 9, 1896.

"R. Heney, Jr., Cupertino, Cal.

"Dear Sir: Your favor of the 28th received. I may as well be short and emphatic. I am tired of all this foolishness, and I intend to have my money now and at once. There is a good market for wine, and you can get the market price for it any day you choose to, or, if you cannot, I can. I will find a purchaser for enough to pay my debt, say fifteen cents for your old wine, such as you have recently sold at that price, or forty-five cents for Cabernet of '90-91.

"If you will accept this offer let me know, and I will send the agent to select and receive it.

"If I do not receive an acceptance by next Saturday I will consider it refused, and will have an attachment on you as soon as the papers can be drawn. You need not whine any more to me about prices and sacrifices and all that rot, for I will have no more of it. As to borrowing twenty thousand dollars on one hundred acres of vineyard, a ten year old school boy should know too much to make the proposition.

"You ask what is the matter with my friend Berges. The matter is not with him, but with the stuff you sent him. It was such as his customers would not drink, and if it was like the bottle your son gave us for lunch that day I do not wonder, for that was simply abominable.

"You understand that I am in dead earnest in this matter, and that you have only till next Saturday to make up your mind.

"Yours, etc.,

"H. C. CAMPBELL."

Defendant's acceptance was as follows:

"Cupertino, Cal., March 11, 1896.

"Mr. A. C. Campbell, San Francisco.

"Dear Sir: Yours 9th inst. at hand.

"Your offer for '90-91 Cabernet accepted. Send your agent to select and receive it. I am ready to deliver same as you request.                    Yours, etc.,

"RICHARD HENEY, Jr."

Upon receipt of defendant's letter the plaintiff promptly repudiated the idea that he had made an offer to purchase, but de-

fendant insisted upon it and several letters passed upon the subject.

I think plaintiff's letter contained a very plain offer, made emphatic by a threat in clear and incisive language in case it was not accepted. What was the offer? What was the defendant to accept before the ensuing Saturday or submit to having his property attached? Plainly he was to permit plaintiff's agent to select sufficient wine at the prices named to pay plaintiff's debt. When taken, no doubt the debt would thereby be paid. Or, if plaintiff's contention be sustained, and it were held that he took the wine to sell in order to pay his debt, still it must be held that he took with a guaranty that it should be sold at the prices named. For that he would so sell and thereby pay his debt would, under such construction of the contract, constitute the consideration for permission to so appropriate the property and remove it from the control of defendant. As plaintiff did not take the wine according to his contract, the claim of damages in recoupment would be the same. In fact, to consider the contract one of sale would be, from a legal standpoint, most favorable to plaintiff. In either construction he was bound to accept the wine in full payment at the rate fixed, while if it was only an agreement that he would find a purchaser at the price fixed he could have been compelled to account for anything he obtained or could have realized beyond that sum.

As the case must be retried, and upon a different theory, the other rulings complained of need not be noticed.

Judgment and order reversed and a new trial ordered.

Henshaw, J., and McFarland, J., concurred.

Hearing in Bank denied.