[Civ. No. 857. Third Appellate District.—May 10, 1911.]

THE SAN JOAQUIN AND KINGS RIVER CANAL AND IRRIGATION COMPANY, a Corporation, Appellant, v. JAMES J. STEVINSON, a Corporation, et al., Respondents.

Appeal — Alternative Method — Failure to Print Whole Record Relied on in Brief—Nonsuit — Absence of Rule — Refusal of Motion to Dismiss.—In the absence of a rule of the supreme court regulating the practice upon appeals taken under the alternative method prescribed in sections 953a, 953b and 953c of the Code of Civil Procedure, an appeal will not be dismissed merely for failure to print in the appellant's brief the whole portion of the record upon which he relies for reversal, where the only point involved in the appeal is that the court erred in granting a nonsuit, and the brief contains some evidence and correctly refers to the transcript for the remainder, and discusses fully the questions involved, which could not impose much extra labor on this court in deciding whether the court erred in denying the motion. It would not be just to dismiss the appeal in such case.

Id.—Promulgation of Rule—Authority Residing in Supreme Court.—It is not the duty or province of this court to formulate and promulgate a rule by which the new practice as to appeals may be uniformly observed and followed. The authority to make rules governing the practice in this and the supreme courts is vested by the constitution in the latter tribunal.

Id.—Need for Rule.—Since the meaning of the language of section 953c does not appear to be so self-evident as that its true scope is generally understood, there should be some rule of court regulating the new procedure for taking appeals under the new method.

Id.—Intention of Legislature—Mandatory Provision.—It seems to have been the clear intention of the legislature in enacting section 953c to require that there should be inserted in the brief something in the nature, substantially, of a statement or bill of exceptions, to be printed in a supplement appended to the brief, to elucidate

all of the questions relied upon on the appeal. The language of the section seems to be mandatory, requiring that, in filing briefs upon such appeal, the parties must, however, print in their briefs, or in a supplement appended thereto, such portions of the record as they desire to call to the attention of the court. When so printed, it becomes part of the record upon appeal.

MOTION to dismiss an appeal from the Superior Court of Merced County.   E. N. Rector, Judge.

The facts are stated in the opinion of the court.

Frank H. Short, F. G. Ostrander, and Edward F. Treadwell, for Appellant.

J. C. Campbell, H. A. V. Torchiana, W. B. Bunker, James F. Peck, F. J. Solinsky, and Page, McCutchen, Knight & Olney, for Respondents.

HART, J.—This is a motion to dismiss the appeal of plaintiff herein.

The ground of the motion is that, having prepared its record on appeal in accordance with the provisions of sections 953a, 953b and 953c of the Code of Civil Procedure, the appellant failed to file, within thirty days after the filing of the transcript, a brief wherein were printed "such portions of the record as the appellant desires to call to the attention of the court." (Code Civ. Proc., sec. 953c.)

The contention is that said section contemplates that the appellant must print in his brief so much of the evidence or other portions of the record as may be necessary to make clear and present fairly and lucidly before the appellate court the legal points upon which he relies for a reversal, and the appellant here having failed to do as thus required, this court should incontinently refuse to consider its appeal.

But, considering that the alternative system of taking appeals in civil cases as prescribed by the sections mentioned is comparatively a new innovation on the appellate practice and procedure as it existed for many years, and, in view of the fact that there has been no definite rule established for the regulation of the new method of taking appeals, nor any decision of the appellate courts involving a definite exposition of what the precise practice should be in such cases, we

think that a dismissal of the appeal for the reasons urged by the respondents, assuming that in the absence of any such authority expressly given by the statute or by any rule of court to adopt that course we have a right to make such an order, would involve too harsh a penalty to impose upon appellant, conceding that its brief does not comply with the mandates of section 953c of said code.

Where they deem an examination of the testimony important, counsel for appellant, in their opening brief, specify the pages on which it may be found. We do not say that this is a compliance with the requirements of the statute, but, in this case, if counsel correctly state in their brief the points relied upon, we do not apprehend that a great amount of extra trouble will be placed upon the court in reviewing said points.

The judgment appealed from here is founded on the order of the court granting a motion for a nonsuit on the conclusion of the introduction of evidence by plaintiff. The motion appears to have arisen and been decided upon the proposition contended for by respondents, according to appellant's brief, that the plaintiff (a corporation engaged in the business of supplying water for purposes of irrigation in the counties of Fresno, Merced and Stanislaus) is not entitled to acquire property for the purposes of its business as stated under the power of eminent domain, the contention of counsel for respondents and the theory upon which the motion was decided being that such a corporation can exercise no such rights "unless," as counsel for appellant put it, "its system is so constructed that it can actually, physically and practically supply water for the irrigation of all the lands in the county, no matter where they are situated, whether in the same watershed or on a higher level than the source of supply of the company."

The contention of appellant, as to this proposition, is that all that is required of such corporations is that they shall so conduct said business of supplying water for the purposes stated as that all the inhabitants of the county, as a matter of legal right, may be entitled to and actually enjoy, if they desire to avail themselves of the same, the use of the water so supplied.

The vital questions involved in the proposition as thus stated seem to be whether plaintiff is a public service corporation and, if so, whether, in order to be entitled to exercise the right to the acquisition of property by proceedings initiated under the power of eminent domain, it must show that its water system is so situated as to be capable of supplying *all* the land in the county in which its system or continuations thereof are situated with water for irrigation.

There is addressed to the first of these questions some evidence, as we judge from the brief of appellant, and it appears to be stated and referred to in said brief by the pages on which it may be found in the reporter's transcript. As stated, we have no fear that the examination of this evidence will entail upon the court a very great amount of extra labor.

The second question is one purely of law, requiring, in its solution, the examination of no evidence other than that which may be found in the record addressed to the proof of the public character of the plaintiff corporation. The same may be said of some other points discussed in appellant's brief.

In any event, we are not, as already intimated, prepared to say that we have any authority to dismiss the appeal for the reasons suggested by respondents, and, as stated, if we felt assured that we could exercise that power, we think it would not be proper or just to do so under the circumstances.

We may, however, without impropriety, add that we do not conceive it to be the duty of this court, as counsel suggest, to formulate and promulgate a rule by which the new practice as to appeals may be uniformly observed and followed. The authority to make rules governing the practice in this and the supreme courts is vested, by the constitution, in the latter tribunal. We agree with counsel, however, that, since the meaning of the language of section 953c of the Code of Civil Procedure does not seem to be so self-evident as that its true scope is generally understood, there should be some rule of court regulating the administration of the new procedure for taking appeals, or at least an authoritative construction of said section that will make clear to the profession generally its true meaning.

It is very clear, as is aptly said in the case of *Roussin* v. *Kirkpatrick,* 8 Cal. App. 7, [95 Pac. 1123], "the legislature

did not intend to require the reviewing court to grope through the unprinted transcription of the phonographic report of the trial to find the testimony and documents relied upon by the parties, or that it would be sufficient compliance with the statute for the parties to indicate in their briefs the portions of the record relied on by simply citing the page of this transcription where such portions may be found." (See, also, *Estate of McPhee,* 156 Cal. 335, 342, [104 Pac. 455].)

It has been said that it would be difficult to lay down a "hard-and-fast" rule as to the practice under the new sections or one that would meet the exigencies of all cases that are brought to the appellate courts by the alternative method of taking appeals. This would be true, perhaps, if the language of section 953c is to be given a narrow or an unreasonably restricted interpretation.

I feel no reluctance in saying, from the experience thus far had with the "alternative" method, as it has hitherto been followed, that, in the place of facilitating the decision of cases on appeal, its tendency has been to produce delay in that respect, and that such will always be its effect, unless section 953c is definitely construed to mean (as I think it was intended to mean) that, if necessary to the elucidation of the points relied upon, something in the nature, substantially, of a statement or a bill of exceptions be required, in addition to the filing of the phonographic report of the trial, to be printed in a supplement appended to the brief.

The language of the section seems to be mandatory and I think was intended to be. As we have seen, it reads: "In filing briefs on said appeal, the parties *must,* however, print in their briefs, or in a supplement appended thereto, such portions of the record as they desire to call to the attention of the court."

As stated, it is not within the province of this court to make a rule or to explain the meaning of the statute; still I think that it may safely be laid down as a rule of practice clearly intended by the legislature to be observed in the preparation of appeals under the alternative system that whatever may be necessary—whether the evidence or the pleadings, the findings, conclusions of law and judgment or such interlocutory motions and orders as may have been made during the pendency of the litigation and during the trial—to a clear ex-

planation of the points relied upon or to a lucid exposure of the relevancy, pertinency, force or importance of such points in their bearing upon the ultimate issue submitted for decision should be inserted, in printed form, in a supplement appended to the brief. The "brief" referred to in the section, if prepared as the section prescribes, is much more than the ordinary brief to which we are accustomed under the old practice, because, when prepared as the statute commands, it becomes a part of the record on appeal.

My opinion is that the legislature, while not intending under the new method so elaborate a printed record as is required under the older system of taking appeals, contemplated that there should be a sufficient record in printed form to enable the appellate courts to review it without the necessity of wading through a mass of irrelevant and redundant matter, and that the stenographer's report of the trial was intended more as an aid to the court in fully satisfying itself upon points as to which, as is often the case with bills and statements, a paucity of information only is furnished by the printed record. In other words, I think it is clear, if the section referred to means anything at all, that the legislature thus intended a pretty full printed record, and that the transcription of all that has occurred at the trial shall be filed with such record for no other purpose than to assist the court, if necessary, in obtaining a more complete understanding of points as to which the printed record may not be as full and clear as it should be.

These are the individual views of the writer.

However; as declared, we are, under the circumstances as indicated, constrained to deny the motion here made, and such is the order.

Chipman, P. J., and Burnett, J., concurred.