**SVEA FIRE & LIFE INS. CO. LIMITED, OF GOTHENBURG, SWEDEN, v. STATE SAVINGS & LOAN ASS'N.**

Circuit Court of Appeals, Eighth Circuit.
April 11, 1927.

No. 7453.

1. **Pleading ☞212—Filing answer waives demurrer.**

Defendant, by filing answer, waived demurrer theretofore entered.

2. **Pleading ☞433(7)—Defect in petition on policy for failing to allege essential averments of value held cured by verdict.**

Any defect in petition in action on insurance policy in failing to allege essential averments of value of property destroyed *held* cured by verdict, and not subject to complaint on appeal, in absence of objection during trial by demurrer or motion for more specific statement.

3. **Insurance ☞499—Measure of damage, under policy limiting liability to actual cash value, is such value at time of loss, with deductions for depreciation.**

Measure of damage, under policy providing that insurer should not be liable beyond actual cash value of property, is such actual cash value at time of loss, with proper deductions for depreciation.

4. **Insurance ☞668(13)—Evidence held sufficient for jury to determine damage in accordance with provision of policy limiting liability to actual cash value.**

Evidence in action on policy limiting liability to actual cash value of property *held* sufficient for jury to determine damage in accordance with provision of policy.

5. **Insurance ☞311(3)—Under policy with loss payable clause, requiring notice of change of ownership, mortgagee may recover for loss within reasonable time for notice, but not after expiration thereof.**

Where policy with loss payable clause required mortgagee to give notice of any change of ownership or occupancy of insured property coming to its knowledge, recovery may be had in case of loss within reasonable time in which to notify insurer of change of ownership, but, if occurring after reasonable time had expired for such notice, insurer is not liable.

6. **Insurance ☞668(5)—Question of notice of change of ownership within reasonable time or whether loss occurred before expiration thereof held for jury.**

Evidence in action on insurance policy requiring notice of change of ownership or occupancy of insured premises, relative to giving notice within reasonable time of change of ownership, or whether loss occurred before such reasonable period had expired, *held* for jury.

In Error to the District Court of the United States for the Eastern District of Oklahoma; Robert L. Williams, Judge.

Action by the State Savings & Loan Association against the Svea Fire & Life Insurance Company, Limited, of Gothenburg, Sweden. Judgment for plaintiff, and defendant brings error. Affirmed.

John F. Webster, of Oklahoma City, Okl. (F. A. Rittenhouse, of Oklahoma City, Okl., and John H. Mosier, of Muskogee, Okl., on the brief), for plaintiff in error.

Malcolm E. Rosser, of Oklahoma City, Okl. (J. Wood Glass and F. A. Calvert, both of Nowata, Okl., on the brief), for defendant in error.

Before KENYON, Circuit Judge, and SYMES and MOLYNEAUX, District Judges.

KENYON, Circuit Judge.    Plaintiff brought action against defendant to recover $4,047, which it claimed was due by virtue of a loss under an insurance policy issued by defendant to one Z. T. Helm, covering a two-story shingle-roof frame building owned by him in the city of Tulsa, Okl., and on which property plaintiff held a mortgage in the sum of $5,000.  The policy had attached to it a "loss payable clause," by which, in the event of loss, the same should be payable to plaintiff, as mortgagee, as its interest may appear.  In October, 1924, the insured frame building was damaged by fire and partially destroyed.

Defendant filed a demurrer to the petition, raising the question that the facts stated were not sufficient to constitute a cause of action, and that there was a defect of parties plaintiff in the failure to make Helm a necessary party.  This demurrer was not passed on, and defendant filed answer.  The case was tried to a jury, and a verdict for $3,000 was returned, for which sum judgment was entered.  Some of the questions raised, such as the failure to make Helm a party, are not insisted upon or argued; hence waived.

Four propositions are urged by defendant: (1) That the petition did not state a cause of action because of the absence of essential averments of value; (2) that there was no competent proof of damage under the terms of the policy, for the reason that the cost of repairing the damaged property was not shown; (3) that there had been a transfer of the title to the property, and that notice was not given to defendant thereof as required by the terms of the policy; (4) refusal of the court to instruct as a matter of law that a reasonable time had elapsed between the time plaintiff knew of the change in ownership of the property and the date of the fire.

We take these up in their order.  The petition in the case alleges: "(5) That the loss of this plaintiff by reason of the partial destruction and great damage done to said property by said fire was four thousand forty-seven dollars ($4,047), and that the amount of the lien of plaintiff upon said property under and by virtue of its mortgage is a sum of money in excess of said loss."  The policy provided: "This company shall not be liable beyond the actual cash value of the property at the time any loss or damage occurs, and the loss or damage shall be ascertained or estimated according to such actual cash value, with proper deduction for depreciation, however caused, and shall in no event exceed what it would then cost the insured to repair or replace the same with material of like kind and quality."

[1, 2] While the complaint may have been defective, in not containing a clear averment of the value of the property damaged or destroyed, that question could have been raised by demurrer or by a motion for more specific statement.  The demurrer filed was apparently never presented to the court for decision.  Defendant filed answer, thus waiving the demurrer.  The charge that the complaint did not contain a sufficient allegation of value was not raised in the trial of the case.  Both parties united in trying the case on the theory that the complaint was sufficient.  The court instructed the jury as to the damage in the terms of the policy.  No objection was made thereto, or exception taken; defendant's counsel stating that the only exception they wanted to the instructions was as to the submission to the jury of the question of reasonable time.  The situation is presented, therefore, of where a case is tried, and the question as to the sufficiency of the petition not raised in any way until the case reaches the appellate court on writ of error.  In 21 R. C. L. p. 614, § 156, it is stated: "And when the point as to the legal insufficiency of a pleading is made in the appellate court for the first time, the objection is regarded with disfavor, and every reasonable deduction will be drawn from the facts stated in order to uphold the pleading."  Whatever defect there may have been in the statement of the cause of action, we are satisfied the petition did state a cause of action, and any defects were cured by the verdict.  21 R. C. L. p. 614, § 156.  It is too late under the condition of this record to raise that question here.

[3, 4] Defendant urges that plaintiff attempted to establish its damage upon the basis of the cost of a new building, and that it cannot do this unless it shows that the insured building was a total loss; that therefore there is no competent evidence to sustain the verdict.  The evidence was in conflict as to the amount of loss by reason of the fire.  The witness for plaintiff, Glore, testified that he made an estimate of what it would cost to put the property in the condition it was in before the fire, and the amount would be $4,484.95.  He also testified there would be no salvage of the building; that what material could be saved in that way would involve more expense than if new material was purchased.  On cross-examination he does say that he practically figured a new house to be placed on the foundation; it being conceded that the foundation was not injured.  Witness, Wallace, for plaintiff, testified that it

would cost $4,047 to put the building back as it was before the fire, that it would be expensive to wreck the building and use the salvage, and that such proceedings would cost more than to buy new material. On the other hand, witnesses for defendant testified that the cost of repairing the building and restoring it to the condition it was in prior to the fire would be from $1,500 to $2,000. The measure of damage was to be ascertained according to the actual cash value of the property at the time of loss, with proper deduction for depreciation, and in no event to exceed what it would then cost the insured to repair or replace the same with material of like kind and quality. The court so told the jury, and further that the burden was on the plaintiff to establish that fact.. Defendant contends that the evidence shows without question there should have been allowed a depreciation of 25 per cent. Under the testimony of two witnesses of plaintiff, hereinbefore referred to, it would have cost more than $4,000 to put the building back on the uninjured foundation in the condition it was in before the fire. If from that should be taken a depreciation of 25 per cent., the result would be practically what the jury returned as their verdict. We think there was sufficient evidence upon which the jury could determine the damage according to the rule laid down by the court.

The only contentions of any merit, in our judgment, are those in relation to the failure to give notice within a reasonable time, and whether this was a question of law for the court, or of fact for the jury. The policy provided in part as follows: "Loss, if any, payable to Nowata Building & Loan Association as mortgagee (or trustee), as such interest may appear. This policy, as to the interest therein of the said payee as mortgagee (or trustee) only, shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property nor by the commencement of foreclosure proceedings, nor the giving of notice of sale relating to the property, nor by any change in the interest, title, or possession of the property, nor by any increase of hazard: Provided that in case the mortgagor or owner shall neglect to pay any premium due under this policy, the mortgagee (or trustee) shall, on demand, pay the same; and provided further that the mortgagee (or trustee) shall notify this company of the commencement of foreclosure proceedings, and of any notice of sale relating to the property, and of any change of ownership or occupancy or increase of hazard which shall come to the

knowledge of said mortgagee. * * * Failure upon the part of the mortgagee (or trustee) to comply with any of the foregoing obligations shall render the insurance under this policy null and void·as to the interest of the mortgagee (or trustee)."

The Nowata Building & Loan Association is the same corporation as plaintiff, the name having been changed. The policy did not become void under this provision as to the mortgagee by mere change of ownership in the property. It was the duty of the mortgagee to notify the insurance company of any change of ownership coming to its knowledge. It is conceded that there was a transfer of this property made by Helm to other parties, and that notice of this came to plaintiff on Friday, October 3, 1924. The fire occurred either on the 5th or the 7th of October, 1924. There is a sharp conflict in the testimony as to the date, some witnesses testifying positively that it occurred Sunday morning, October 5th. The fire marshal testified his record showed the fire to have been on the 7th. There was evidence from which the jury could have found that the fire occurred on the 5th. There would then have been- one intervening day between the time plaintiff had notice of the transfer of title until the occurrence of the fire. That intervening day was Saturday. There is some evidence that Mr. Brooks, agent of defendant, was out of the city on Saturday. Mr. Jordan, agent of plaintiff, testifies that he first had notice on the 3d of October of the change of ownership, and that on Friday evening, October 3d, he instructed his stenographer to draw the necessary assignment and secure the signature of the agent of defendant, which apparently, however, was not done; that he did not personally see Mr. Brooks, agent of defendant, until the Monday following, at which time he notified him of the change of title, so that defendant did not receive notice of the change of ownership of the property until Monday, October 6th.

[5] The court submitted the question of reasonable notice as a question of fact to the jury, and said: "If the fire occurred within a reasonable time in which to notify the insurance company of the change of ownership after the fire occurred, then the fact that it did occur within that time and the notice was not given would not avail the defendant. But if that fire occurred after a reasonable time had expired for notice to be given of change of ownership, then you ought to find in favor of the defendant." That was, we think a correct and very clear expression of

the law applicable to the situation. The question really was as to whether the fire occurred after a reasonable time had expired for notice to be given of the change of ownership. If so, plaintiff could not recover. The insurance policy, while providing for the giving of notice of change of ownership, did not provide that notice must be given immediately, or at any particular time, and under such circumstances a reasonable construction of the provision of the policy would be that notice must be given within a reasonable time. What is a reasonable time depends on the particular facts and circumstances of each case. Joyce on the Law of Insurance, vol. 5, § 3297; 29 Cyc. p. 1118; Passaic Valley S. Com'rs v. Holbrook, Cabot & Rollins Corp. (C. C. A.) 6 F.(2d) 721; Miller v. Hartford Fire Ins. Co., 70 Iowa, 704, 29 N. W. 411; Springfield Fire & Marine Ins. Co. v. Brown, 128 Pa. 392, 18 A. 396.

[6] Both plaintiff and defendant requested an instruction on the subject of reasonable time in relation to notice of change of ownership; plaintiff asking the court to instruct as a matter of law that the time was not unreasonable and defendant asking an instruction that it was. Chief Justice Marshall, in Chesapeake Insurance Co. v. Stark, 6 Cranch, 268, 273 (3 L. Ed. 220), stated the rule as to reasonable time as follows: "But what time is reasonable is a question compounded of fact and law, which has not yet been reduced to such certainty, as to enable the court to pronounce upon it, without the aid of a jury. Certainly the delay may be so great as to enable every man to declare, without hesitation, that it is unreasonable, or the abandonment may be so immediate that all will admit it to have been made in reasonable time; but there may be such a medium, between these extremes, as to render it doubtful whether the delay has been reasonable or otherwise. If it was a mere question of law, which the court might decide, then the law would determine, to a day or an hour, on the time left for deliberation after receiving notice of the loss. But the law has not so determined, and it therefore remains a question compounded of fact and law which must be found by a jury under the direction of the court."

In Hamilton et al. v. Phœnix Ins. Co. of Hartford (C. C. A.) 61 F. 379, 390, Judge Taft (present Chief Justice of the Supreme Court of the United States) reviews at length many authorities, and sums up thus: "The number of authorities on this subject is myriad; and there are many in which the rule is stated without qualification that the question of reasonable time is a question of law for the court, but we think it will be found that such cases may be divided into two classes. The first class embraces commercial transactions which happen in the same way, day after day, and present the question of reasonable time on the same data in continually recurring instances, so that, by a series of decisions of the courts, the reasonable time has been rendered certain. The second class of cases is where the time taken is so clearly reasonable or unreasonable that there can be no room for doubt as to the proper answer to the question. Where, however, the answer to the question is one dependent on many different circumstances which do not constantly recur in other cases of like character, and with respect to which no certain rule of law has heretofore been laid down, or could be laid down, the question is one of fact for the jury."

In Elliott on Contracts, vol. 2, p. 1550, it is said: "It is true as a general rule that what constitutes a reasonable time is a question of fact to be determined by the jury from all the circumstances of the case." No definite rule can be laid down as to what constitutes reasonable time, as each case is different from the others in its facts. If there is no dispute as to the facts and the proper inferences to be drawn therefrom the question is one of law. Elliott on Contracts, vol. 2, § 1550; Keller v. Halsey et al., 130 App. Div. 598, 115 N. Y. S. 564; Smith v. Savin et al., 141 N. Y. 315, 36 N. E. 338. Where the facts are in dispute or reasonable minds could fairly draw different inferences therefrom the question is for the jury. Burhorn v. Lockwood et al., 71 App. Div. 301, 75 N. Y. S. 828; Pickel v. Phenix Ins. Co., 119 Ind. 291, 21 N. E. 898; 2 Elliott on Contracts, § 1550, and cases there cited; Loomis v. Norman Printers' Supply Co., 81 Conn. 343, 71 A. 358; Texas Co. v. Brilliant Mfg. Co. (C. C. A.) 2 F.(2d) 1; 26 C. J. p. 549; Campbell v. Heney, 128 Cal. 109, 60 P. 532; Boyington et al. v. Sweeney, 77 Wis. 55, 45 N. W. 938.

The facts here as to when notice was given are in sharp dispute, and the questions, under all the circumstances disclosed by the record, of whether notice was given within a reasonable time of the change of ownership, or whether the fire occurred before such reasonable period of time had expired, were questions of fact, and the court was entirely correct in submitting the same to the jury.

The judgment is affirmed.