[Civ. No. 3299. Third Appellate District.—August 29, 1927.]

J. G. HILLE, Respondent, v. CATHERINE M. JOHNSTON, Appellant.

Thomas B. Leeper for Appellant.

Berkeley B. Blake and Irving D. Gibson for Respondent.

HART, J.—The plaintiff was awarded judgment for the sum of $2,391.41, with interest thereon at the rate of seven per cent per annum from the date of said judgment, on account of and for professional services alleged to have been performed by plaintiff's assignor as attorney for defendant in a certain action tried and prosecuted to judgment in the superior court of Sacramento County, wherein the defendant herein was plaintiff and August DeBock, his wife Clara E. DeBock and Millie Fisher were defendants.

The defendant appeals from the judgment upon a record prepared in pursuance of section 953a of the Code of Civil Procedure.

On the fourteenth day of July, 1915, the defendant and appellant (then known as and called Catherine M. DeBock) and P. H. Johnson, an attorney and counselor at law, entered into a written contract, by the terms of which said Johnson, for a certain contingent consideration, agreed to perform for defendant certain professional services in the action, above named, in which the defendant as plaintiff sued the DeBocks and said Fisher for damages "for alienating the affections of the husband of defendant." Omitting the preamble or the explanatory language therefrom, the contract, which is made a part of the complaint, is as follows:

"Now therefore, it is agreed on the part of said Catherine M. DeBock that in consideration of the legal services of said P. H. Johnson so rendered, in prosecuting said claim for damages against said parties hereinabove named, that the said Catherine M. DeBock will defray the necessary Court Costs, Jury Fees, Witness fees and all other expenses of trial in said action, and pay to the said P. H. Johnson one-half ($\frac{1}{2}$) of all money or moneys recovered or paid on account of said claim for damages, either by settlement, compromise or pursuant to a judgment of court, or otherwise;

"That, in consideration of the foregoing promises on the part of the said Catherine M. DeBock, the said P. H. Johnson agrees to prosecute the claim of said Catherine M. DeBock for such damages against the said parties hereinabove named, through all the courts of this State, provided, however, that the said Catherine M. DeBock, in case of Appeal from any Court of the above mentioned action, the said Catherine M. DeBock will pay and defray all costs and expenses of appeal of whatever nature or kind necessarily incurred;

"That it is mutually agreed, that neither party to this agreement shall settle or compromise the said claim without the consent of the other party thereto."

The complaint is in two counts, but the two contain substantially the same allegations. It is alleged therein that, after the making of said agreement, said Johnson commenced said action for damages in behalf of defendant and "thereafter duly and regularly prosecuted said action and said claim of defendant for damages against said defendants in said action named through all the courts of said State of California and to a final judgment in said action in favor of defendant herein." It is further alleged that, on the fifteenth day of August, 1924, the sum of $4,528.50 was paid to defendant on said judgment, and that, under and by virtue of the terms of the said (above) agreement between said Johnson and said defendant, one-half the moneys so collected upon said judgment "remains due, owing and unpaid from defendant; that, prior to the commencement of this action, said P. H. Johnson, assigned and transferred to plaintiff all his right, title and interest in and to and all moneys paid on account of said claim for damages, and the plaintiff is now the lawful owner and holder thereof."

As to both counts of the complaint the answer pleads the statute of limitations (Code Civ. Proc., secs. 337 and 339), admits the execution of the above agreement, but denies that the said sum of $4,528.50 or any part thereof on account of the judgment obtained in said action was collected by said Johnson or that plaintiff in said action (defendant here) received said sum or any part thereof through the efforts or labor of said Johnson, alleges that, before any money was recovered in said action, said Johnson abandoned said contract and refused to continue further on his part to perform the same, and that defendant thereupon employed another attorney to collect the judgment obtained in said action and that "said attorney other than said Johnson collected the said sum of $4,528.50 and all thereof for the defendant herein." The answer further alleges that said Johnson did prosecute such action to judgment, which judgment amounted to $5,800; that the defendants in said action, August DeBock and Clara DeBock, for the purpose of fraudulently preventing the defendant in this action from recovering on said judgment filed a homestead on certain property owned by them (the DeBocks) in Sacramento County; that said DeBocks were not at the time of the filing of said homestead residing upon said property and "said homestead was void"; that P. H. Johnson caused an execution to be issued on said judgment and caused the property covered by said homestead to be sold under execution; "that upon the sale of said property under execution this defendant bought the same in"; that the defendant herein was prevented from getting possession of said property on account of the claim of the DeBocks that the same was protected by said homestead, and that thereafter said Johnson for and on behalf of defendant commenced two actions against said DeBocks, the one to have said homestead declared invalid and void and the other to eject said DeBocks from said premises; that after commencing said actions the same were set for trial and were about to be tried, when said Johnson, "without the knowledge or consent of this defendant entered into an agreement to compromise said judgment and requested this defendant to ratify this agreement and to satisfy said judgment of record; that this defendant refused to accept said compromise and refused to satisfy said judgment of record; that there-

upon said Johnson, without the knowledge or consent of this defendant, and without the authority of this defendant, . . . himself satisfied said judgment of record and received from said August DeBock and Clara E. DeBock the sum of $4,500; that thereupon said P. H. Johnson retained and kept all of said sum of $4,500, and refused to deliver or pay any part thereof to this defendant unless this defendant would ratify said agreement of compromise and satisfy said judgment of record; that said P. H. Johnson refused to further prosecute said action to set aside said homestead and eject said August DeBock and Clara DeBock; that thereafter this defendant employed one R. Platnauer, an attorney admitted to practice in all the courts of the State of California, to prosecute an action in her name to set aside said satisfaction of said judgment so entered by P. H. Johnson; that said action to set aside said satisfaction of said judgment was thereafter prosecuted in the Superior Court of the County of Sacramento and a judgment was entered therein vacating and annulling the satisfaction of said judgment so entered by said P. H. Johnson as defendant's attorney; that after said satisfaction of said judgment was vacated said R. Platnauer caused an execution to be levied in said action and recovered under said execution said sum of $4,528.50; that no part of said sum of $4,528.50 was collected or recovered by said P. H. Johnson or through his efforts and the same was recovered long after said P. H. Johnson had refused to do anything further under said agreement set out in plaintiff's complaint."

The defendant, by permission of the court, filed an amendment to her answer, in which she attempted to set up, by way of estoppel against the right of the plaintiff here to maintain the present action, the judgment referred to in her answer as originally filed as having been obtained in the action instituted and prosecuted by attorney Platnauer for the purpose of setting aside the satisfaction of the original judgment in favor of the defendant here against the DeBocks.

The defendant also filed a cross-complaint and, after by reference making those paragraphs of the answer setting forth the allegations last above referred to herein parts of said pleading, alleged therein that "by reason of the refusal of said P. H. Johnson to further carry out his contract with this defendant, and by reason of his breach thereof in com-

promising said judgment and satisfying said judgment of record, this defendant was forced to and did employ an attorney to vacate and set aside said satisfaction of judgment and to further prosecute said action to recover said sum of $4,528.50 and was forced to expend a great deal of time in said matter and was forced to incur various expenses in said matter to the damage of this defendant in the sum of $4,000.'' The prayer of the cross-complaint was that the plaintiff take nothing by his action and that the defendant recover upon her cross-complaint against said P. H. Johnson the sum of $4,000 and that she be awarded costs against both plaintiff and said Johnson.

A demurrer was interposed to the cross-complaint upon general and special grounds. The special ground of the demurrer was that "there is a misjoinder of parties cross defendant in said action, in this, that said P. H. Johnson is not a proper party or cross defendant in said action.'' The demurrer was sustained by the court without leave to amend.

The court found that the plaintiff's action was not barred by the statute of limitations, as alleged in the answer, and, further, that plaintiff was not estopped from maintaining this action by reason of the judgment entered in favor of defendant, as plaintiff therein, in the action brought by defendant against P. H. Johnson to set aside the compromise agreement referred to. ■ As to the latter proposition, the record shows that the attorney for the defendant offered the judgment-roll in evidence, but the court sustained the objection of plaintiff to the admission of it in evidence. Nor is the said judgment-roll in the transcript. As to that matter, therefore, the record is such as to preclude a review and a determination of the point that the ruling excluding the judgment-roll in said action from the record involved error. If defendant desired that that point be reviewed by this court, it was incumbent upon her to have incorporated the judgment-roll in the transcript. ■ The defendant does not in her briefs make any point as to the finding against her plea of the statute of limitations; hence it is to be presumed that she has here abandoned that proposition.

Preliminarily to a consideration of the points mainly relied on for a reversal, it is orderly at this point to consider and dispose of the motion by respondent for an affirmance of the

judgment. The ground of the motion is that the briefs of defendant are legally deficient, in that there are not printed therein, or in any supplement appended thereto, such portions of the record as the "defendant desires to call to the attention of the court" (Code Civ. Proc., sec. 953c), or, in other language, that said briefs do not contain the portions of the record which are necessary to a proper review and determination of the points urged by defendant for a reversal. The disposition of cases on appeal on their merits is always to be preferred to a disposition thereof upon a failure, in preparing the appeal, to observe some rule of procedure, where it is clear that such course does not carry with it serious impingement upon the mode prescribed for taking and presenting appeals to courts of review. In the spirit of that wholesome policy of the appellate courts we will consider and review the motion and some of the cases having occasion to consider section 953c of the Code of Civil Procedure, or that provision thereof which furnishes the foundation of the motion here.

In denying a petition for a hearing of the case of *California Sav. etc. Bank* v. *Canne,* 34 Cal. App. 768, 770 [169 Pac. 395, 396], the supreme court, speaking of the rule with respect to the preparation of records on appeal, as prescribed by section 953c of the Code of Civil Procedure, said that, while the law requires that "enough (of the record) must be printed (in the briefs or a supplement appended thereto) to illustrate the points made and to enable the court to determine those points," yet "just exactly what must be printed in any particular case in order to comply with this requirement necessarily depends upon the circumstances of the case." In *San Joaquin etc. Irr. Co.* v. *Stevinson,* 16 Cal. App. 235, 239 [116 Pac. 378, 380], it is said, referring to said section 953c, "that it would be difficult to lay down a 'hard-and-fast' rule as to the practice under the new sections or one that would meet the exigencies of all cases that are brought to the appellate courts by the alternative method of taking appeals." In *Jeffords* v. *Young,* 197 Cal. 224, 229 [239 Pac. 1054], it is said: "It has been reiterated approximately one hundred times in the decisions of this court and of the district courts of appeal that it is incumbent upon an appellant who relies upon a typewritten transcript (referring to the alternative method of taking appeals), to print

in his brief or in a printed supplement thereto sufficient of the record to justify a reversal of the judgment or order appealed from. (2 Cal. Jur. 643 et seq.) Furthermore, as we pointed out some months ago (*Estate of Berry*, 195 Cal. 354 [233 Pac. 330]), since the 1923 amendment to the section last cited (sec. 953c), an appellant who fails to do this *incurs thereby the risk* that the order or judgment appealed from may be affirmed upon motion." In *Furlong* v. *Alexander*, 76 Cal. App. 137 [243 Pac. 887, 888], the district court of appeal of the second district held, upon the authority of *People* v. *Woods*, 190 Cal. 513, 519 [213 Pac. 951], that the provision of section 953c of the Code of Civil Procedure requiring "the parties to print in their briefs, or in a supplement appended thereto," certain indicated portions of the record, was "merely directory."

As accounting for the conclusions announced in some of the cases from which brief excerpts are above given, it should be explained that section 953c of the Code of Civil Procedure has been amended several times since its adoption into said code as a part of the procedure of our appellate practice in the year 1907 (Stats. 1907, p. 751). The legislature of 1919 (Stats. 1919, p. 261) amended the section by adding thereto the following provision: No appeal shall be dismissed nor shall any appeal be decided adversely to any party for failure to print in his brief the portion of the record or any part thereof in support of his points, but in such case the court hearing the appeal shall direct such party to print and serve on the adverse party and file with it a supplement to his brief in which shall be set forth in full that portion of the record relied on by such party and not printed in any former brief."

But the legislature of 1923 (Stats. 1923, p. 748) again amended said section by eliminating therefrom the part just quoted herein and inserting in lieu of said provision the following: "In filing briefs in said appeal the parties must, however, print in their briefs, or in a supplement appended thereto, such portions of the record as they desire to call to the attention of the court. The court may in all cases, upon good cause shown, extend time to a party to print and file his brief, provided that the application is made before calling of the calendar for oral argument on the

appeal or upon good cause being shown the court may extend time to a party to print and file a supplemental brief.''

The case of *California Sav. etc. Bank* v. *Canne,* first hereinabove referred to, was decided October 9, 1917, when the section read as it was originally passed by the legislature of 1907. The case of *San Joaquin etc. Irr. Co.* v. *Stevinson, supra,* was also decided prior to the amendment of the section by the legislature of 1919. The opinion in *Jeffords* v. *Young, supra,* was filed on October 1, 1925, at which time, as seen, section 953c had been amended by the legislature of 1923 restoring to said section the provision thereof now under inquiry as it read prior to the amendment thereof by the legislature of 1919 and as it now reads.

The case of *People* v. *Woods, supra,* was decided on March 1, 1923, but before the amendment of the section by the legislature of that year went into effect, so that that case dealt with said section as it was amended in 1919. The case of *Furlong* v. *Alexander, supra,* was decided and the opinion therein filed on December 31, 1925, at which time section 953c, in the particular in which we are now considering it, read as it was originally passed in 1907 and as it now reads, except that there was added thereto the provision (above herein quoted), authorizing the court to extend the time to a party to print and file his brief, etc. It is in that case, it will be remembered, that it is held, upon the authority of *People* v. *Woods, supra,* that the provision of section 953c presently under review is directory only.

It is to be observed from the foregoing review of some of the many cases in which the provision in question has been considered that the construction which it has been given by the courts has been from different viewpoints created by varying conditions arising and existing by reason of the several amendments to which it has been subjected. ■ We do not think that, as it now reads, the provision can, consistently with the mandatory nature of its language, be held to be directory. This would mean that it would be entirely in the discretion of the party taking an appeal to determine whether the briefs should contain any portions of the record. ■ We are of the opinion, however, that whether, in a given case, the briefs of the party, generally the appellant, where an attempt has therein been made to comply with the terms of the provision, sufficiently measure

up to the requirements thereof, or whether, where no attempt whatever has been made in the briefs to satisfy the commands of the provision, the merits of the case may or may not be reviewed, presents a question the decision of which rests in the discretion of the court of appeal, dependent in its exercise upon the nature and number of the points made and the conditions and the situation in general intrinsically characterizing the record. For instance, where, as here, the party has failed to print in his brief, or in a supplement appended thereto, any part of the record, it is entirely in the discretion of the reviewing court to determine whether the record is such that it may or may not, without an extra amount of labor or great or unusual inconvenience, be examined for the purpose of determining whether the points which are to be reviewed are or are not well-grounded. There are cases in which, notwithstanding the failure of the appellant to comply properly with the provision in question, the reviewing courts have, nevertheless, considered and decided the appeals upon the merits of the cases. (See *Miller* v. *Oliver*, 174 Cal. 404 [163 Pac. 357].) On the other hand, in *Marcucci* v. *Vowinckel*, 164 Cal. 693 [130 Pac. 430] (an action for damages for alleged injuries to one of the plaintiffs [the wife] from alleged unskillful advice and treatment by defendant in his professional capacity as a physician, and in which the appeal was from the judgment of nonsuit), the appellant having failed to print in his brief, or in a supplement thereto testimony, if any there was, "on the subject of want of care and skill on the part of the defendant," the court refused to review the evidence for the purpose of determining whether the nonsuit was or was not properly granted. The court said: "Nor does he (counsel for appellants) in his brief point out or refer to such evidence in the part of the record where it may be found. He does not argue the question at all. We will, therefore, assume, for the purposes of this review, that there was no evidence of such want of care or skill." The court stated, however, that "the only point worthy of mention, in his brief, is the claim that the court below improperly refused to continue the trial from the afternoon of the last day thereof until the following morning, to give the plaintiffs an opportunity to procure the attendance of three additional witnesses to testify on behalf of the plaintiffs." The court

then proceeded to consider and decide that question and for that purpose examined the transcript to ascertain what the showing was in the court below on the application for the continuance.

So it appears that, as above stated, whether a review will be allowed where the appellant has failed, wholly or partially, to comply with the provision in question of section 953c, is to be determined by the reviewing court in the exercise of its discretion founded upon the situation of or the conditions characterizing the particular case in hand. The court's discretion in that particular should not and, of course, would not be abused. This construction would seem to be reinforced by the consideration that, where the appeal is taken in accord with the alternative method, the requirement that certain specified portions of the record are to be printed in the briefs, etc., is, primarily, for the benefit or convenience of the court to which the appeal is taken, although, incidentally, it is also for the benefit as well of the adverse party. The construction harmonizes with the policy of reviewing courts (above adverted to) that all appeals should be determined upon the merits rather than disposed of upon some technical rule among those established for the purpose of regulating the procedure by which appeals should be presented to such courts where it can be done without too drastic a departure from the requirements of said rules. And the construction accords with what we conceive to be the view of the provision as expressed in *Jeffords* v. *Young, supra,* or as is to be implied from the language of Chief Justice Myers, author of the opinion in that case, as follows: "An appellant who fails to do this (referring to the requirement of the provision that certain indicated portions of the record be printed in the brief), incurs thereby the *risk* that the order or judgment appealed from may be affirmed upon motion." The warning, however, thus given the members of the legal profession still stands, and it may well be repeated here that, in preparing appeals according to the alternative method, the failure on the part of attorneys to follow, in a proper manner, the course prescribed by the provision in question, will always be at their own risk, for cases will certainly arise where, to excuse such failure, would involve an abuse of discretion and amount practically to a judicial nullification of the provision.

■ In the present case, the points are few in number, the judgment-roll is not voluminous and the evidence is comparatively brief. As to the evidence, it consists entirely of the agreement between plaintiff's assignor and the defendant, whereby the former was employed to render professional services as a lawyer for the latter in the alienation action, the judgment-roll (superfluously) in the latter action and the testimony of the defendant, which is very brief. Thus the record is such that it may be and has been examined with no greater trouble or inconvenience than if the whole record had been inserted in the brief of appellant or a supplement appended thereto. To grant the motion of the plaintiff for an affirmance of the judgment upon the ground stated under such circumstances would involve an unnecessary denial of the defendant's right to have her appeal considered upon the merits. The motion to affirm the judgment is, therefore, denied.

■ As to the order sustaining the demurrer to the defendant's cross-complaint, it may first be observed that it is the general rule in this state that, in an action to recover on a contract, the defendant may cross-complain for damages caused by plaintiff's breach of the same contract. (Code Civ. Proc., sec. 442; 21 Cal. Jur. 79; *Mackenzie* v. *Hodgkin,* 126 Cal. 591 [77 Am. St. Rep. 209, 59 Pac. 36]; *Campbell* v. *Heney,* 128 Cal. 109 [60 Pac. 532]; *Imperial Water Co. No. 4* v. *Meserve,* 62 Cal. App. 603 [217 Pac. 553].) Of course, it will not be questioned that the subject matter of the cross-complaint is germane to the cause of action stated in plaintiff's complaint, and "relates to or depends upon the contract or transaction upon which the action is brought," within the meaning of section 442 of the Code of Civil Procedure. Nor will it be doubted that, notwithstanding that the said agreement and any rights accruing to said P. H. Johnson thereunder were assigned to plaintiff, the defendant is entitled to interpose as a defense against the enforcement of the agreement any set-off existing at the time of or before notice of the assignment. (Code Civ. Proc., sec. 368.) ■ It does not appear that said P. H. Johnson was served with summons and a copy of the cross-complaint, but he, nevertheless, within due time, made a general appearance by filing a demurrer to that pleading, and thus waived personal or other service of sum-

mons. (Code Civ. Proc., secs. 406 and 416; 3 Cal. Jur., p. 14 et seq.; 21 Cal. Jur., p. 477, sec. 4.) The demurrer, as seen, was sustained, without leave to amend. The specific ground upon which it was sustained is not stated by the court, or, at least, is not disclosed by the record. ■ There can be no doubt, however, that the cross-complaint, as against a general demurrer, states a cause of action for damages. Under the agreement between the defendant and said Johnson, the latter was entitled to be compensated for his professional services for instituting and prosecuting to final judgment, on behalf of the defendant, the ''alienation action'' (as for brevity that action may hereinafter be described), only in the event that any judgment which might be secured for defendant therein was satisfied or paid. In other words, under a fair or reasonable construction of said agreement, it was the duty of said Johnson, before he would be entitled to compensation for the professional services required of and rendered by him in said action, not only to obtain a judgment but to secure the satisfaction or execution thereof. If, therefore, having obtained a judgment for defendant in said action for damages, said Johnson refused to proceed to take the necessary legal steps to secure satisfaction thereof, such conduct would amount to an abandonment of the agreement on his part before its terms had been fulfilled; or if, without the consent of the defendant Johnson, upon an agreement of compromise between him and the judgment debtors, accepted, as in full satisfaction of the judgment, a sum less than that for which the judgment called, he (said Johnson), by reason thereof, would be guilty of a breach of the agreement for which breach defendant would be entitled to such compensation by way of damages as she might have suffered therefrom. There can be conceived no just ground for doubting that thus the agreement is correctly construed. Indeed, the very fact that whether said Johnson was to receive any compensation at all for his professional services in said action was by the agreement made contingent upon the securing of the fruits of any judgment which might be obtained for defendant therein, constitutes indubitable evidence that it was intended by the parties that Johnson's obligations under the agreement would not terminate until such judgment was satisfied in whole or in part. Moreover,

the language of the agreement is, as will be noted, that "said P. H. Johnson agrees to prosecute the *claim* of said Catherine DeBock (defendant) for such damages against the said parties hereinabove named through all the courts of the State." In other words, said Johnson would prosecute any claim of damages which the defendant here had against the defendants in the alienation action to its fructification, or until such claim was judicially established and satisfied. That the said Johnson was without authority to compromise the claim for damages or a judgment establishing such claim, without the consent or acquiescence of the defendant, is plainly spoken in the agreement, and equally clear is it that any compromise of such claim or judgment agreed to or effected by Johnson without the defendant's consent would constitute a breach of the agreement by Johnson for which she would be entitled to be reimbursed by way of damages, if any actual damage to her resulted therefrom.

Referring now to the cross-complaint more specifically than the averments thereof are above referred to, it will be observed that therein it is alleged that said Johnson, after prosecuting to judgment defendant's claim for damages in the alienation action, "abandoned said contract and refused to continue further; that, upon the abandonment of said contract and said refusal of said P. H. Johnson to further continue under said contract, this defendant hired another lawyer to prosecute said action and to collect said money; . . . that said Johnson, without the knowledge or consent of this defendant, entered into an agreement to compromise said judgment and requested this defendant to ratify this agreement and to satisfy said judgment of record; that this defendant refused to accept said compromise and refused to satisfy said judgment of record; that thereupon said P. H. Johnson, without the knowledge or consent of this defendant, and without the authority of this defendant, and contrary to this defendant's wishes, himself satisfied said judgment of record and received from said DeBocks the sum of $4,500.00"; that said Johnson refused to deliver said sum or any part thereof to defendant, and that the latter was compelled to and did employ another attorney to commence and prosecute an action to set aside said satisfaction of said judgment and obtained

judgment annulling said satisfaction of judgment; that thereafter said attorney other than said Johnson recovered under an execution issued on the judgment in the alienation action the sum of $4,528.50; "that no part of said sum was collected by said Johnson or through his efforts and the same was recovered long after said P. H. Johnson had refused to do anything further under said agreement set out in plaintiff's complaint"; that as a result of the said alleged breach of the said agreement by said Johnson and his refusal "to carry out his contract with this defendant," the latter "was forced to expend a great deal of time in said matter, and was forced to incur various expenses in said matter, to the damage of this defendant in the sum of $4,000.00." Thus it is clear that, as against a general demurrer, the cross-complaint sufficiently stated a cause of action for damages against said Johnson for a breach of the agreement. But it seems to be the view of counsel for plaintiff (and possibly it was the view of the trial court) that the demurrer was good on the special ground, to wit: "That there is a misjoinder of parties cross-defendant in the action, in this, that said P. H. Johnson is not a proper party or cross-defendant in said action."

█ Under our code system of practice and procedure and the authorities above named, the defendant was, notwithstanding the assignment by said Johnson of his claim to plaintiff and that the action to recover thereon is by said assignee, entitled to set up in her answer any set-off she might have against the claim constituting the basis of plaintiff's cause of action or cross-complaint for damages by way of recoupment for any damage she might have sustained by reason of the alleged violation by said Johnson of the terms of their agreement. (*Campbell* v. *Heney,* *supra.*) Of course, the plaintiff should be made a party cross-defendant with Johnson, for, while he is in no way responsible or liable for any damage defendant might have sustained by the alleged wrongful acts of said Johnson with reference to his agreement with defendant, he nevertheless is interested in the cause of action stated in the cross-complaint, since he has the right to defend against the claims of that pleading and thereby prevent, if he can, any diminution, by way of the counterclaim practically so pleaded, in the amount of any judgment to which the court

might find him to be entitled by reason of his action. The situation then is that, in the place of a misjoinder of parties cross-defendant, there is a defect or nonjoinder of parties cross-defendant, and this should have been the objection interposed to the cross-complaint either by demurrer or answer. (Code Civ. Proc., sec. 430, subd. 4; *Work* v. *Campbell*, 164 Cal. 343, 349 [43 L. R. A. (N. S.) 581, 128 Pac. 943].) That the cross-complaint is proper in this case, we have no doubt. Indeed, it would violate the very spirit or central object of the reformed procedure, which was adopted and has long existed as a more enlightened system for administering the substantive law of rights and wrongs than the archaic system which it superseded, to hold that all matters growing out of precisely the same transaction between virtually the same parties should be required to be litigated by piecemeal in different and independent actions. This statement is peculiarly applicable to the instant case. As seen, our code provides that an action by an assignee of a claim is subject to any defenses or offsets that might have been set up as against the assignor or the original owner of the claim sued on, had he himself brought the action. There is no good reason why, in such case, where the defendant has good cause for affirmative relief growing out of or directly connected with the transaction upon which the plaintiff's action is grounded, the defendant may not cross-complain against both the assignor and the assignee.

The next and last assignments to be considered pertain to rulings excluding testimony purporting to be addressed to the proof of the allegations of the answer charging Johnson with a breach of the agreement. Counsel for defendant asked the defendant, as a witness, a number of questions as to said P. H. Johnson's conduct with regard to the alienation judgment after the same had been obtained. The court sustained objections to some of those questions on the ground that they were improperly framed, in that they called for answers which would have involved conclusions of the witness and also, in some instances, legal conclusions. Those rulings were, in the main, technically sound. But counsel for defendant, proceeding along the lines of his special or affirmative defense, asked defendant these questions: "Well, Mrs. Johnson, do you recall the time of a conversation with Mr. P. H. Johnson, after the obtaining

of the judgment (the alienation judgment), relating to what he should do about collecting the money under it? . . . What, if any conversation did you have with Mr. Johnson relative to him proceeding with your action prior to employing other attorneys?'' To both questions objection was interposed that they were ''incompetent, irrelevant and immaterial'' and the objection sustained. ▇ The rulings were erroneous. The obvious purpose of the questions was to show that P. H. Johnson had, without the consent of defendant, compromised the judgment in favor of the latter against the DeBocks, and refused to proceed further in the matter after he had secured such compromise. The defendant, under her answer, was entitled to show by her testimony every act of Johnson and every conversation she had had with him tending to prove the charge in her answer that the latter refused to take steps looking to the satisfaction of the DeBock judgment, or that he violated the terms of the agreement by accepting a compromise arrangement with the DeBocks whereby he reduced said judgment to an amount less than it called for. The questions were neither irrelevant nor immaterial nor incompetent. They, in proper form, called for proper testimony. The testimony, if given, might not have carried with it much, if any, force, or might wholly have failed to throw any light upon the allegations of defendant's answer to the proof of which it was addressed, but obviously for that reason testimony relevant and material to the issues of a case and in legal form sought to be brought out may not legally be excluded.

The judgment is reversed, with directions to the trial court to overrule the demurrer to the cross-complaint and thereupon grant leave to defendant to amend said complaint by making the plaintiff a party defendant thereto with said P. H. Johnson, and in any other respect that may be deemed necessary, and to amend her answer to plaintiff's complaint with respect to the special defense therein set up, if, in either or both instances, she be so advised.

Plummer, J., and Finch, P. J., concurred.